1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERTO X. BLANDINO,

11              Plaintiff,              No. CIV S-11-2860 DAD P

12        vs.

13   SACRAMENTO SHERIFF'S
     DEPARTMENT et al.,
14
                Defendants.            ORDER
15   _____/

16          Plaintiff is a former Immigration Customs and Enforcement ("ICE") detainee who

17   was housed at the Sacramento Main County Jail.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This

19   proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302

20   and 28 U.S.C. § 636(b)(1).

21          Plaintiff has submitted an in forma pauperis application that makes the showing

22   required by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff will be granted leave to proceed in

23   forma pauperis.

24                            **SCREENING REQUIREMENT**

25          The court must dismiss a complaint or portion thereof if the plaintiff has raised

26   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

                                              1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2    U.S.C. § 1915(e)(2)(B)(I)-(iii).

3            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9    Cir. 1989); Franklin, 745 F.2d at 1227.

10           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11    plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14    (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

15    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16    factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21           The Civil Rights Act under which this action was filed provides as follows:

22           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
23           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
24           law, suit in equity, or other proper proceeding for redress.

25    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4  omits to perform an act which he is legally required to do that causes the deprivation of which

5  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          Moreover, supervisory personnel are generally not liable under § 1983 for the

7  actions of their employees under a theory of respondeat superior and, therefore, when a named

8  defendant holds a supervisorial position, the causal link between him and the claimed

9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

11  allegations concerning the involvement of official personnel in civil rights violations are not

12  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13  **PLAINTIFF'S COMPLAINT**

14          In the present case, plaintiff has identified Sacramento County Main Jail Deputies

15  Wright, Gomes, Guest, and Gutierrez as the defendants.  In his complaint, plaintiff alleges that

16  defendants Wright, Gomes, Guest, and Gutierrez forced him to the ground and mistreated him.

17  As a result of their mistreatment, plaintiff alleges that he suffered emotional distress and mental

18  anguish.  He also alleges that the defendants exacerbated some of his pre-existing injuries.  In

19  terms of relief, plaintiff requests monetary damages.  (Compl. at 5.)

20  **DISCUSSION**

21          The allegations in plaintiff's complaint are so vague and conclusory that the court

22  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

23  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

24  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

25  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

26  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

3

1  with at least some degree of particularity overt acts which defendants engaged in that support his

2  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

3  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

4  amended complaint.

5           If plaintiff chooses to file an amended complaint, he must allege facts

6  demonstrating how the conditions complained of resulted in a deprivation of his federal

7  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

8  amended complaint must allege in specific terms how each named defendant was involved in the

9  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

10 some affirmative link or connection between a defendant's actions and the claimed deprivation.

11 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

12 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

13 official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

14 F.2d 266, 268 (9th Cir. 1982).

15          Insofar as plaintiff is attempting to assert an excessive use of force claim against

16 the defendants, he is advised that if he elects to proceed with this action by filing an amended

17 complaint, he will need to elaborate on his factual allegations with respect to the involvement of

18 each defendant he names based on the legal standard that governs his claim.  The legal standard

19 that governs his claim will depend on whether or not plaintiff had been charged and convicted of

20 a crime at the time the alleged excessive use of force took place.

21          If plaintiff had neither been charged nor convicted of a crime at the time the

22 alleged excessive use of force took place, he must bring his claim under the Fourteenth

23 Amendment, and the court will analyze it based on the reasonableness standard.  Gibson v.

24 County of Washoe, 290 F.3d 1175, 1185-86 (9th Cir. 2002).  Under that standard, the courts

25 balance the reasonableness of an officers' actions given the circumstances.  The Ninth Circuit has

26 articulated four factors that courts should consider in resolving a due process claim alleging

4

1    excessive force.  The factors are (1) the need for the application of force, (2) the relationship

2    between the need and the amount of force that was used, (3) the extent of the injury inflicted, and

3    (4) whether force was applied in good faith effort to maintain and restore discipline.  See White

4    v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990).

5               If, on the other hand, plaintiff had been charged and convicted of a crime at the

6    time the alleged excessive use of force took place, plaintiff must bring his claim under the Eighth

7    Amendment, and the court will analyze it based on the cruel and unusual punishment standard.

8    Under that standard, plaintiff must show that objectively he suffered a "sufficiently serious"

9    deprivation.  Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The

10   plaintiff must also show that subjectively each defendant had a culpable state of mind in allowing

11   or causing the plaintiff's deprivation to occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

12   "[W]henever prison officials stand accused of using excessive physical force in violation of the

13   Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley, i.e.,

14   whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

15   and sadistically to cause harm."  Hudson, 503 U.S. at 6-7.  A plaintiff is not required to show a

16   "significant injury" to establish that he suffered a sufficiently serious constitutional deprivation.

17   Hudson, 503 U.S. at 9-10.

18               Plaintiff is informed that the court cannot refer to a prior pleading in order to

19   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20   complaint be complete in itself without reference to any prior pleading.  This is because, as a

21   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25   /////

26   /////

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for appointment of counsel.  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) is granted.

2.  Plaintiff's complaint is dismissed.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

4.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

5.  Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied.

DATED: March 14, 2012.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
blan2860.14a